UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 16-10926-ADB


VINCENT WADLINGTON,
Petitioner,

v.

LISA MITCHELL,
Respondent.


<u>MEMORANDUM AND ORDER</u>

BURROUGHS, D.J.

For the reasons set forth below, this habeas action is <u>DISMISSED</u> and the clerk is

<u>DIRECTED</u> to docket this Memorandum and Order and the habeas petition in <u>Wadlington v. Mitchell,</u> Civil Action No. 15-10468-DJC as an "amended petition."

## I.     Background

On May 19, 2016, petitioner Vincent Wadlington ("Wadlington"), a prisoner at the Souza

Baranowski Correctional Center, filed a petition for writ of habeas corpus pursuant to 28 U.S.C.

§ 2254 challenging, *inter alia*, his murder conviction for which he received a sentence of life

without parole.    The case initially was assigned to Magistrate Judge Cabell, however, the case

was randomly reassigned to this Court after Magistrate Judge Cabell issued an Order for Recusal

(Docket No. 5).

## II.    Discussion

Upon review of the petition, it appears that Wadlington had intended his filing to be an

"amended petition" in accordance with Judge Casper's Order in <u>Wadlington v. Mitchell,</u> Civil

Action No. 15-10468-DJC.   <u>See</u> Petition (Docket No. 1 at ¶ 14, p. 19).   In that action, Judge

Casper entered an Order (Docket No. 19) directing Wadlington to file a more definite statement

in the form of a new petition with respect to Claims 2-7, and 9-10, by identifying the federal

grounds for relief for each claim and the supporting facts.   He could also choose to reinstate

claims 1 and 8 in the new petition, which was due on December 28, 2015.

On January 25, 2016, Judge Casper entered an Order (Docket No. 20) dismissing

Wadlington's habeas petition for failure to file an amended petition as directed.   It appeared,

however, that Wadlington had filed a request for an extension of time, along with other motions.

In light of this, on January 28, 2016, a docket entry was made for the motions to be placed on the

docket and the action to be reopened.   <u>See</u> Docket No. 21.   Thereafter, on April 1, 2016, Judge

Casper entered a further Order (Docket No. 28) in which she afforded Wadlington until April 29,

2016 to comply with the September 24, 2015 Order (Docket No. 19) to file a new petition.

In light of the above, the Court presumes the opening of the instant action to be in error.

Accordingly, in order to ensure proper case management, this action is <u>DISMISSED</u> without

prejudice in its entirety.   The clerk is <u>DIRECTED</u> to docket this Memorandum and Order and

the habeas petition in this action in <u>Wadlington v. Mitchell</u>, Civil Action No. 15-10468-DJC.

The habeas petition shall be docketed as an "amended petition" in accordance with Judge

Casper's directives.   This Court takes no action with respect to the timeliness of the amended

petition.   Finally, for the reasons set forth herein, no filing fee is required in this case.

## IV.	Conclusion

For the reasons stated above it is hereby Ordered that:

1.	This action is <u>DISMISSED</u> in its entirety without prejudice; and

2.      The clerk is <u>DIRECTED</u> to docket this Memorandum and Order and the habeas

petition in this action in <u>Wadlington v. Mitchell</u>, Civil Action No. 15-10468-DJC.   The habeas

petition shall be docketed as an amended petition pursuant to Judge Casper's directives.

SO ORDERED.


<u>May 24, 2016</u>                              <u>/s/ Allison D. Burroughs</u>
DATE                                    ALLISON D. BURROUGHS
                                        UNITED STATES DISTRICT JUDGE